UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-23752-LENARD/VALLE
(CASE NO. 09-CR-20710-LENARD)

RODOLFO ORTIZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This matter is before the Court on Movant Rodolfo Ortiz's Motion to Vacate Judgment and Sentence, filed pursuant to 28 U.S.C. § 2255 (the "Motion") (CV-ECF Nos. 1, 8).[1] United States District Judge Joan A. Lenard has referred the Motion to the undersigned for a Report and Recommendation, pursuant to 28 U.S.C. § 636. (CV-ECF Nos. 13, 14).

After due consideration of the Motion, Respondent's Response (CV-ECF No. 11), Movant's Reply (CV-ECF No. 12), Movant's Supplemental Brief (CV-ECF No. 16), Respondent's Response to Supplemental Brief (CV-ECF No. 18), the parties' Joint Status Report (CV-ECF No. 27), and all pertinent portions of the underlying criminal file, the undersigned recommends that the Motion be **DENIED** without an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

---

[1] For ease of reference, citations to the underlying criminal case, No. 09-CR-20710-LENARD, will include "CR" preceding the docket number entry. Citations to the civil docket for this Motion will have a "CV" preceding the docket number entry.

## I. FACTUAL SUMMARY

The facts underlying the criminal case are fully set forth in the Eleventh Circuit's opinion affirming Movant's convictions, which is incorporated by reference. (CR-ECF No. 306 at 4-7); *see also Ortiz v. United States*, No. 13-CV-21028 (S.D. Fla. Nov. 19, 2013) (ECF No. 10 at 7-9). In brief, Movant and his co-conspirators were arrested for participating in a conspiracy to steal cocaine from a "stash house." The "stash house" was fictional, and the purported disgruntled drug courier was, in fact, an undercover Miami-Dade police detective (the "undercover detective").

The events that led to Movant's arrest began when an unnamed confidential informant ("CI") told law enforcement that Movant was seeking help to rob a marijuana grow house. Following this tip, the undercover detective arranged a meeting with Movant. At their first meeting, the undercover detective told Movant and co-conspirator Julio Rolon that he: (i) was a cocaine courier; (ii) typically transported between twenty and twenty-five kilograms of cocaine per delivery; (iii) had not been paid for his recent deliveries; and (iv) wanted to rob the stash house where he brought his deliveries without arousing suspicion that he had participated in the robbery. Movant advised the undercover detective that he would bring in a third man (co-conspirator Federico Dimolino) to help with the robbery, that he and his associates were "professionals," and that each of them would be armed and wearing police badges. Rolon added that he would bring either a .9-millimeter Glock or an AR-15 assault rifle and not hesitate to "blow up someone's head" if necessary. The men agreed to split the stolen drugs amongst themselves. In a subsequent meeting, Movant assured the undercover detective that he had previously committed home invasion robberies.

On the day of the planned robbery, the CI arranged to meet Movant at a gas station, which was under law enforcement surveillance. There, Movant and Rolon provided the CI with a black

t-shirt with the letters "DEA" on the front, a black ski mask, a pair of black latex gloves, and other police apparel. Movant and Rolon then followed the CI to the purported stash house, where they believed the CI was picking up a vehicle. Instead, they were arrested upon arrival.

Following the arrests, law enforcement searched Rolon's car and recovered black hats with the words "Narcotics" and "Police" on them, black t-shirts with "DEA" on one side and "Police" on the other side, black ski masks, a box of latex gloves, eighteen wire tie straps, three law enforcement badges, a .9-millimeter Ruger handgun and magazine loaded with fifteen rounds of ammunition, and a .9-millimeter Smith & Wesson handgun and magazine loaded with twelve rounds of ammunition. Police recovered similar items, including a Ruger .357 Magnum revolver, from co-conspirator Dimolino's car. After his arrest, Movant admitted that he had intended to rob twenty-five kilograms of cocaine from the fictional stash house and that he planned the robbery. Movant claimed responsibility for the loaded handguns found in Rolon's car.

## II. PROCEDURAL BACKGROUND

### A. Criminal Proceedings

Movant and his co-conspirators were charged in a ten-count Indictment. Movant was charged in seven of the ten counts with: (i) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1); (ii) attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846 (Count 2); (iii) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 3); (iv) attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 4); (v) conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 5); (vi) using and carrying a firearm during and in relation to a crime of violence

and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 6); and (vii) being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 8). *See generally* (CR-ECF No. 15) (Indictment). Relevant to the Motion, Counts 5 and 6 (charging violations of 18 U.S.C. §§ 924(o) and (c), respectively) listed Counts 1, 2, 3, and 4 as predicate offenses.[2] *See id*. at 3-4.

Although co-defendant Dimolino pled guilty, Movant and co-defendant Rolon proceeded to trial. *See generally* (CR-ECF Nos. 93, 191-93). Relevant to Counts 5 and 6, the Court instructed the jury that Movant was charged with conspiring and using/carrying a firearm in "two separate ways:" (i) in furtherance of a crime of violence; and (ii) in connection with a drug trafficking crime. (CR-ECF No. 212 at 17, 20) (Jury Instruction Nos. 11, 12). The Court further instructed the jury that to find Movant guilty, "you must all agree on which of the two ways, if any, [Movant] violated the law." *Id*. After six days of trial, the jury found Movant guilty on all seven counts. (CR-ECF No. 217) (Jury Verdict). As to Counts 5 and 6, the verdict sheet reflects that the jury relied on "the crimes charged in Counts 1 through 4" as predicate offenses for the §§ 924(c) and (o) counts. (CR-ECF No. 217 at 2-3).

Movant appealed his conviction on several grounds. *See generally* (CR-ECF No. 306) (Eleventh Circuit's order affirming convictions). Relevant to the Motion, Movant challenged the District Court's jury instruction on Counts 5 and 6 as having constructively amended the Indictment by using the disjunctive ("or") instead of the conjunctive ("and") as alleged in the Indictment. *Id.* at 27-32. Movant, however, did not challenge Counts 5 and 6 on the basis that

---

[2] By way of background, §§ 924(c) and (o) make it a crime to possess or conspire to possess a firearm in furtherance of a crime of violence or drug-trafficking crime, respectively. 18 U.S.C. §§ 924(c), (o). The statute defines the term "crime of violence" in two ways, known as the elements clause and the residual clause. *Wordly v. United States*, No. 22-10166, 2023 WL 1775723, at *2 (11th Cir. Feb. 6, 2023).

Count 3 (conspiracy to commit Hobbs Act robbery) or Count 4 (attempted Hobbs Act robbery) did not qualify as "crimes of violence" and were invalid predicates for Counts 5 and 6, or whether the term "crimes of violence" was unconstitutionally vague. (CV-ECF No. 11 at 7); (CV-ECF No. 12 at 2).

The Eleventh Circuit rejected Movant's challenge to the jury instruction on Counts 5 and 6, and affirmed the lower court's rulings on all but one sentencing issue, which was subsequently corrected on remand.[3] On remand, the District Court amended Movant's sentence to concurrent life sentences on Counts 1, 2, and 8; 240 months in prison on Counts 3, 4, and 5, all to run concurrently; and a consecutive term of life on Count 6. *See* (CR-ECF No. 334) (Amended Judgment).

## B. Postconviction Proceedings

In 2013, Movant filed his initial § 2255 motion (the "Initial Motion"). *Ortiz v. United States*, No. 13-CV-21028 (S.D. Fla. Mar. 21, 2013) (ECF No. 1). In the Initial Motion, Movant raised 13 grounds for relief. *Ortiz*, No. 13-CV-21028 (ECF No. 10 at 2-3). However, as in his direct appeal, Movant did not argue that conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery were not "crime[s] of violence" under § 924(c) or (o) or that the "crimes of violence" provisions were unconstitutionally vague. *See id.* A magistrate judge issued a report recommending that the Initial Motion be denied. *Id.* The District Judge adopted the magistrate judge's recommendation and ultimately denied a Certificate of Appealability. *Ortiz*, No. 13-CV-21028 (ECF Nos. 43, 48, 56, 57).

---

[3] The Eleventh Circuit found that Movant's sentence on Count 5 had exceeded the statutory 20-year maximum and remanded for resentencing on that issue only. (CR-ECF No. 306 at 10 n.4, 44).

In July 2016, Movant filed a second § 2255 motion. *Ortiz v. United States*, No. 16-CV-23035 (S.D. Fla. July 13, 2016) (ECF No. 1). In this second motion, Movant challenged, among other things, his §§ 924(c) and (o) convictions and sentences on the ground that, following *Johnson v. United States*, 576 U.S. 591 (2015), attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery no longer qualified as crimes of violence. *Id.* at 4-6. The District Judge dismissed Movant's second motion because he had not obtained authorization from the Eleventh Circuit to file a successive petition, as required by 28 U.S.C. § 2244(b)(3). (ECF No. 17); *see also* (CR-ECF No. 381 at 1-2).

Three years later, in August 2019, Movant sought leave from the Eleventh Circuit to bring this Motion, now his third § 2255 application, to challenge his conviction on Counts 5 and 6 pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). (CV-ECF No. 1 at 20-28). The Eleventh Circuit granted leave, limited to Movant's claim that the "[§§] 924(c) and (o) convictions were predicated on multiple offenses, including one that has not been determined to qualify as a crime of violence . . . ." (CV-ECF No. 1 at 8). In so doing, the appeals court concluded that Movant "ha[d] made a prima facie showing that he is entitled to relief under *Davis*," noting that this was a "narrowly circumscribed" threshold determination that left it to the district court to "determine *de novo* whether [the] *Davis* challenge to [the] § 924(o) conviction met the requirements of § 2255(h)(2)." (CV-ECF No. 1 at 9) (quoting *In re Cannon*, 931 F.3d 1236, 1244 (11th Cir. 2019)). The appellate court further noted that "[e]ven if the district court concludes that a conspiracy to commit Hobbs Act robbery constitutes a predicate crime under § 924(c) only under the statute's now invalid residual clause, the movant still bears the burden of proving the likelihood that the jury based its verdict of guilty . . . solely on the Hobbs Act conspiracy, and not also on one of the other valid predicate offenses identified in the count . . . ." (CV-ECF No. 1 at 10) (quoting

*In re Cannon*, 931 F.3d at 1243) (alterations in original and internal quotation marks omitted). Thus, the appellate court concluded that because the convictions on Counts 5 and 6 were tied to multiple predicate offenses, some of which may not be valid predicate offenses, and the jury rendered a general verdict, Movant may have been sentenced under the now-invalid residual clause of § 924(c)(3)(B). (CV-ECF No. 1 at 10). The instant Motion followed.

Thereafter, in August 2021, Movant filed an unopposed motion to stay his § 2255 proceeding pending the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). (CV-ECF No. 22). In *Taylor*, the Supreme Court ultimately held that attempted Hobbs Act robbery is not a "crime of violence" under § 924(c)'s elements clause because it can be committed by an attempted threat of force, which is not a use of force, attempted use of force, nor a threatened use of force. *Taylor*, 142 S. Ct. at 2020-21. With *Taylor* decided, the stay in Movant's case should be lifted, and the Motion is ripe for review.

### III. LEGAL STANDARD FOR HABEAS RELIEF

§ 2255 allows a federal prisoner to move the sentencing court to vacate or set aside his sentence if: (i) its imposition violates the Constitution or laws of the United States; (ii) the sentencing court lacked jurisdiction; (iii) it exceeds the maximum authorized by law; or (iv) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1278 (11th Cir. 2014) (Pryor, J., concurring); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011) (citing 28 U.S.C. § 2255(a)). Nonetheless, because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are narrowly limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, "relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in

direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (internal quotation marks omitted). In turn, "miscarriage of justice" requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining whether a § 2255 claim is cognizable, the district court must determine whether the movant exhausted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Next, the district court must consider whether the type of relief sought is appropriate under § 2255. *Id.* at 1232-33 (citations omitted). To be sure, to obtain relief on collateral review, a movant must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166. Lastly, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 474 (2007).

Also relevant to the Motion are two recently decided Supreme Court cases: *Davis* and *Taylor*. In *Davis*, the Supreme Court held that the residual clause in § 924(c) was unconstitutionally vague.[4] *See Davis*, 139 S. Ct. at 2326-27, 2336. Consequently, any § 924(c) conviction "predicated solely" upon conspiracy to commit Hobbs Act robbery (as alleged in Count 3) is no longer valid pursuant to *Davis*. *Id.* at 1076. More recently, in *Taylor*, the Supreme Court held that attempted Hobbs Act robbery (as alleged in Count 4) does not qualify as a "crime of

---

[4] Relatedly, the Eleventh Circuit has held that *Davis* is retroactively applicable to criminal cases on collateral review and could form the basis of a valid, successive § 2255 motion. *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). Additionally, in *Brown v. United States*, the Eleventh Circuit concluded that "conspiracy to commit Hobbs Act robbery does not qualify as a 'crime of violence,'" as defined by § 924(c)'s elements clause. 942 F.3d 1069, 1075 (11th Cir. 2019).

violence" under the elements clause.[5]  142 S. Ct. at 2021.  Together, *Taylor* and *Davis* establish that a § 924(c) or (o) conviction, as in Counts 5 and 6, is invalid if its *sole* predicate is conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery, as alleged in Counts 3 and 4, respectively.  *See Madison v. United States*, No. 19-14132, 2022 WL 3042848, at *1 (11th Cir. Aug. 2, 2022) (vacating defendant's § 924(c) conviction "based on attempted Hobbs Act robbery" since "*Taylor* governs").

## IV. **ARGUMENTS**

In the Motion, Movant asserts that he is entitled to vacatur of his §§ 924(c) and (o) convictions on Counts 5 and 6 and his consecutive sentence of life imprisonment on the § 924(c) count (Count 6) because these convictions are predicated solely on the conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery, both of which have been held invalid predicate offenses under *Davis* and *Taylor*, respectively.  *See* (CV-ECF No. 27 at 1-2) (explaining Movant's position in the Joint Status Report that "there is at least a substantial likelihood . . . that the jury *actually relied* only on one of the Hobbs Act predicates—and not also on either of the drug trafficking predicates.") (internal quotation marks omitted).  Although Movant acknowledges that he did not raise this claim on direct appeal, (CV-ECF No. 12 at 2), he nonetheless argues that he can establish cause and prejudice *and* actual innocence to excuse his procedural default.  *Id.* at 2-9; (CV-ECF No. 16 at 14-18); (CV-ECF No. 27 at 2-3).  Lastly, Movant argues that his claim cannot be procedurally defaulted because it is jurisdictional in nature.  (CV-ECF No. 16 at 10-11).

---

[5] The Court's ruling expressly rejected the Eleventh Circuit's reasoning in *United States v. St. Hubert*, 909 F.3d 335, 352-53 (11th Cir. 2018), that "the elements clause encompasses not only any offense that qualifies as a 'crime of violence' but also any attempt to commit such a crime." *Taylor*, 142 S. Ct. at 2021.

Respondent opposes the Motion on several grounds. First, Respondent asserts that Movant procedurally defaulted on the *Davis* and *Taylor* claim by not challenging on direct appeal the propriety of the Hobbs Act counts (Counts 3 and 4) as predicate "crimes of violence" for Counts 5 and 6. (CV-ECF No. 11 at 6-7); (CV-ECF No. 18 at 4); (CV-ECF No. 27 at 4). Second, Respondent argues that there is no equitable exception that would excuse the default because Movant cannot show: (i) cause and prejudice; or (ii) actual innocence. (CV-ECF No. 11 at 7-11); (CV-ECF No. 18 at 5-10); (CV-ECF No. 27 at 4-7). According to Respondent, the convictions on Counts 5 and 6 are predicated on two remaining and still valid drug-trafficking convictions in Counts 1 and 2. (CV-ECF No. 11 at 11-15); (CV-ECF No. 27 at 6-7). Lastly, Respondent argues that Movant's challenge is not jurisdictional. (CV-ECF No. 18 at 10-11). For the reasons discussed below, the undersigned finds that Movant has procedurally defaulted on his claim, has not established cause and prejudice or actual innocence to excuse the default, and that his challenge is not jurisdictional. Accordingly, the Motion should be denied.

## V. ANALYSIS

### A. The Claimed Error is Not Jurisdictional

A movant can avoid the procedural default bar altogether and raise a claim for the first time on collateral review (without demonstrating cause and prejudice or actual innocence) if he can show that the alleged error is jurisdictional. *See United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020); *Wordly*, 2023 WL 1775723, at *3-4 (affirming district court's finding that *Davis* error was not jurisdictional). Here, Movant argues that because two of the predicate offenses on which Counts 5 and 6 were based are no longer "crimes of violence," his Indictment is flawed and contains allegations of conduct not covered under §§ 924(c) and (o). (CV-ECF No. 16 at 10). Respondent, on the other hand, argues that the Indictment is still valid because it lists other valid

predicate offenses on which Movant's §§ 924(c) and (o) charges (Counts 5 and 6) could rest. (CV-ECF No. 18 at 11).

Respondent's argument is persuasive. Movant's argument ignores the fact that the §§ 924(c) and (o) charges and resulting convictions remain supported by two still-valid drug-trafficking predicates in Counts 1 and 2. *See Wordly*, 2023 WL 1775723, at *4 ("Because [the movant] could lawfully have been convicted on [§§ 924(c) and (o) charges] based on one of several valid predicates . . . , his conduct was within the scope of § 924(o), and the indictment properly invoked the district court's jurisdiction.") (citations omitted). Here, because Counts 1 and 2 are valid drug-trafficking predicates on which Counts 5 and 6 can still validly rest, Movant's challenge is not jurisdictional. *Granda v. United States*, 990 F.3d 1272, 1288-89 (11th Cir. 2021) (explaining that a § 924(c) conviction is "legally valid" if supported by at least one valid predicate, despite the presence of invalid predicates), *cert. denied*, 142 S. Ct. 1233 (2022). Thus, the Indictment properly invoked the District Court's jurisdiction.

Therefore, because the Indictment properly invoked the District Court's jurisdiction, Movant must either show: (i) cause to excuse the default and actual prejudice from the claimed error; or (ii) that he is actually innocent of his convictions on Counts 5 and 6.

### B. Movant Cannot Establish Cause and Prejudice

Movant concedes that he did not challenge on direct appeal the use of attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery (Counts 3 and 4) as predicate "crime[s] of violence" for his §§ 924(c) and (o) convictions (Counts 5 and 6). (CV-ECF No. 12 at 2). Under the procedural default rule, however, "a defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013) (citation

11

omitted). As discussed above, the default can only be excused if one of two exceptions applies: (i) Movant can show cause and actual prejudice; or (ii) Movant can show actual innocence. *Id.* As discussed below, Movant has failed to establish any exception that would excuse his procedural default.

First, Movant cannot show "cause" for his failure to attack the constitutionality of his §§ 924(c) and (o) convictions on direct appeal because Movant had "the building blocks" to make a due process vagueness challenge to the § 924(c) residual clause. *See Granda*, 990 F.3d at 1287 (noting that the movant had "the building blocks [to make] a due process vagueness challenge to the § 924(c) residual clause.") (internal quotation marks omitted). Indeed, a movant's failure to raise a constitutional claim on direct appeal can be excused only when the claim "is so novel that its legal basis is not reasonably available to counsel . . . ." *Id.* at 1286 (quoting *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004)). Here, however, as the Eleventh Circuit found in *Granda*, Movant possessed the tools necessary to raise vagueness challenges to his §§ 924(c) and (o) convictions. *See, e.g.*, *Parker v. United States*, 993 F.3d 1257, 1265 (11th Cir. 2021); *Hartsfield v. United States*, No. 20-CV-20362, 2022 WL 4295979, at *3-4 (S.D. Fla. Sept. 19, 2022) (discussing the long history of vagueness challenges to residual clauses like the one at issue).

Movant argues, however, that *Granda* was wrongly decided and that this Court should instead follow the Eighth Circuit's decision in *Jones v. United States*, 39 F.4th 523 (8th Cir. 2022), which permits a movant to establish cause to excuse his failure to raise a *Davis* challenge on appeal. (CV-ECF No. 27 at 3). The undersigned declines Movant's invitation to ignore binding Eleventh Circuit case law. *See, e.g.*, *United States v. Torres*, No. 20-14416, 2022 WL 894545, at *4 (11th Cir. Mar. 28, 2022) (concluding that *Granda* foreclosed the movant's "argument that he can establish cause and prejudice to overcome his procedural default"); *Hartsfield*, 2022 WL 4295979,

at *6 (noting that "*Granda* definitively and unquestionably forecloses [a movant] from arguing that the 'cause and prejudice' exception applies . . . ."); *Wordly*, 2021 WL 5310732, at *6 (concluding that the district court "is bound by the Eleventh Circuit's decision in *Granda*" ).

Next, because Movant cannot show cause, the Court need not address whether "actual prejudice" exists. *See, e.g.*, *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) ("Since we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice."); *Cannon v. United States*, No. 19-CV-23145, 2021 WL 5114822, at *3 (S.D. Fla. Oct. 13, 2021) (declining to address actual prejudice when movant failed to establish cause); *Wordly*, 2021 WL 5310732, at *8 ("Having found that [the movant could not] show cause for failing to raise this issue at trial or on appeal, the court need not address whether [the movant] can show actual prejudice."). Nonetheless, in the interest of completeness, the undersigned will briefly address Movant's argument that he can establish actual prejudice.

"Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to the [movant's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Granda*, 990 F.3d at 1288 (quoting *Fordham*, 706 F.3d at 1350). This standard is "more stringent than the plain error standard." *Id.* (quoting *Parks v. United States*, 832 F.2d 1244, 1245 (11th Cir. 1987)). Under the circumstances of this case, Movant cannot establish a substantial likelihood that the jury relied *only* on his convictions for conspiracy to commit Hobbs Act robbery and attempt to commit Hobbs Act robbery as predicates for Counts 5 and 6 because the jury also convicted Movant of two still-valid predicate drug-trafficking crimes in Counts 1 and 2 (conspiracy and attempt to possess cocaine with intent to distribute).

Here, the trial evidence reflects that Movant's convictions rested on the same set of operative facts and were thus inextricably intertwined. *See Foster v. United States*, 996 F.3d 1100,

1107 (11th Cir. 2021) (concluding that the movant could not prevail because his "Hobbs Act conspiracy was inextricably intertwined with [his] conspiracy and attempt to possess with intent to distribute cocaine"); *see also Parker*, 993 F.3d at 1263 (concluding that it was "undeniable on [the] record" that the movant's "valid drug trafficking predicates [were] inextricably intertwined with the invalid Hobbs Act conspiracy predicate"). Based on the interrelated evidence, the jury could not have concluded that Movant conspired to possess a firearm in furtherance of the conspiracy to commit and attempt to commit robbery without also finding that he conspired to possess the firearm in furtherance of his conspiracy and attempt to obtain and distribute the cocaine. *See Granda*, 990 F.3d at 1292 (concluding that the "tightly bound factual relationship of the predicate offenses preclude[d] [the movant] from showing [on collateral attack] a substantial likelihood that the jury relied solely on" the invalid predicate); *Torres*, 2022 WL 894545, at *4 (explaining that because all of movant's predicates "[were] inextricably intertwined, arising out of the same cocaine robbery scheme," movant could not establish that he was convicted only on invalid predicates); *Rodriguez v. United States*, No. 20-CV-22003, 2020 WL 9549856, at *9-10 (S.D. Fla. Oct. 28, 2020) (finding that the interrelatedness of the trial evidence negated movant's argument that it was more likely than not that the jury based his §§ 924(c) and (o) convictions solely on the now invalid predicates); *cf. Hartsfield*, 2022 WL 4295979, at *7-8 (finding "actual innocence" and excusing procedural default where no valid predicate remained after *Davis* and *Taylor*).

      The Eleventh Circuit's holding in *United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021), further supports the undersigned's conclusion. In *Cannon*, the defendants were convicted of several crimes, including using and carrying a firearm during and in relation to a drug trafficking crime in violation of § 924(c), for participating in a scheme to rob a cocaine stash house. *Id.* at

933-34, 936. As in Movant's case, the indictment in *Cannon* listed both an invalid predicate offense (conspiracy to commit Hobbs Act robbery) and a valid predicate offense (conspiracy to possess cocaine with intent to distribute) for the § 924(c) charge. *Id.* at 934, 946-47. Like Movant, the movants in *Cannon* argued that because the jury returned a general verdict, the court could not know whether the jury relied on the now-invalid Hobbs Act robbery conspiracy predicate or the still-valid cocaine conspiracy predicate. *Id.* at 947. The Eleventh Circuit, however, found that the trial evidence established that the cocaine the movants in *Cannon* planned to steal was the same cocaine they were planning to possess with intent to distribute. *Id.* at 948. Thus, the appeals court concluded that "no reasonable juror could have found that [defendants] carried their firearms in relation to the Hobbs Act robbery conspiracy but not the cocaine conspiracy." *Id.* The undersigned finds that the Eleventh Circuit's logic in *Cannon* also applies here and, therefore, reaches a similar conclusion.

### C. Movant cannot Establish Actual Innocence

Movant also argues that his default should be excused because he is "actually innocent" on the §§ 924(c) and (o) charges. (CV-ECF No. 12 at 23); (CV-ECF No. 27 at 3). The actual innocence exception is "exceedingly narrow in scope" and requires Movant to show that he is factually innocent of the charge against him; legal insufficiency is not enough. *Lynn*, 365 F.3d at 1235 n.18; *accord Torres*, 2022 WL 894545, at *4 ("Actual innocence means factual innocence, not mere legal innocence."). To establish actual innocence, Movant must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).

To meet this standard as to the §§ 924(c) and (o) offenses, Movant would have to show that no reasonable juror would have concluded that he conspired to possess a firearm in furtherance

15

of any of the two remaining valid drug-trafficking predicate offenses (Counts 1 and 2). But as discussed above, Movant's convictions for conspiracy and attempt to possess cocaine with intent to distribute (Counts 1 and 2), and his convictions for conspiracy to commit Hobbs Act robbery and attempt to commit Hobbs Act robbery (Counts 3 and 4) all rested on the same set of interrelated facts. *See supra* Part IV.B. Because still-valid drug-trafficking predicate offenses remain, and the evidence on all the crimes of conviction is inextricably intertwined, Movant cannot show that his §§ 924(c) and (o) convictions were based *solely* on the now invalid Hobbs Act predicates.

Accordingly, since Movant cannot establish either cause and prejudice or actual innocence, Movant cannot overcome procedural default, and his claim for relief is barred.

**D. Any Error is Harmless**

Finally, even if Movant could overcome his procedural default, he could not prevail on the merits of his claim. For the same reason Movant cannot show actual innocence (i.e., because the evidence on all counts was inextricably intertwined), the inclusion of an invalid predicate offense in the Indictment and jury instructions was harmless.

Under the harmless error analysis applicable on collateral review, "relief is proper only if . . . the court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." [6] *Granda*, 990 F.3d at 1294 (quoting *Davis v. Ayala*, 576 U.S. 257, 267-68 (2015)); *accord Brecht*, 507 U.S. at 623 ("[T]he standard for determining whether habeas relief must be granted is whether the [] error had substantial and

---

[6] Movant argues that the harmless error analysis established in *Stromberg v. California*, 283 U.S. 359 (1931), controls and requires the Court to vacate his §§ 924(c) and (o) convictions. (CV-ECF No. 16 at 5-9); (CV-ECF No. 27 at 3). But that is not the correct standard. In *Hedgpeth v. Pulido*, 555 U.S. 57 (2008), the Supreme Court rejected the application of *Stromberg* to general verdict cases such as this one, holding that the proper test is that set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *See Rodriguez*, 2020 WL 9549856, at *9, 11.

injurious effect or influence in determining the jury's verdict.") (internal quotation marks omitted); *see also Rodriguez*, 2020 WL 9549856, at *9, *11 (applying *Brecht* harmless error analysis in movant's habeas challenge to his §§ 924(c) and (o) convictions); *Cannon*, 2021 WL 5114822, at *3 (same). There must be more than a reasonable possibility that the error was harmful. *Ayala*, 576 U.S. at 268. Under the *Brecht* analysis, reversal is warranted only when the movant suffered "actual prejudice" from the error. *Brecht*, 597 U.S. at 637 (internal quotation marks omitted). Thus, it is proper for the reviewing court to look at the record to determine whether the invalid predicate "actually prejudiced" the movant (i.e., actually led to his conviction), or whether the jury instead also found the movant was guilty based on another valid predicate. *Granda*, 990 F.3d at 1294. The burden to show that the jury relied solely on an invalid predicate rests squarely on the movant. *Cannon*, 2021 WL 5114822, at *3.

      The record in this case does not provoke grave doubt whether Movant's §§ 924(c) and (o) convictions rested solely on the invalid Hobbs Act predicates. As explained in greater detail above, the evidence pertaining to Movant's conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery was inextricably intertwined with the evidence supporting the drug-trafficking predicate offenses. Under these circumstances, where valid predicates remain, the inclusion of conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery as a potential predicate was harmless. *See Cannon*, 987 F.3d at 949 (noting that the trial record made clear that no rational juror could have found that defendants carried firearms in connection with a conspiracy to rob a cocaine stash house but not also in connection with a conspiracy to possess with intent to distribute the cocaine to be taken from the house).

      Thus, even if Movant could overcome his procedural default, he could not prevail on the merits because he did not suffer harm.

## VI. CONCLUSION

For the reasons discussed above, the undersigned finds that Movant procedurally defaulted his only claim for relief. Accordingly, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** without an evidentiary hearing. The undersigned further recommends that a Certificate of Appealability also be **DENIED** because reasonable jurists would not find the denial to be debatable, and Movant has not made a substantial showing of denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also* 28 U.S.C. § 2253(c)(2).

**Within 14 days** after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the above findings and recommendations as provided by the Local Rules for this District. *See* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**DONE AND ORDERED** at Chambers in Fort Lauderdale, Florida, on March 8, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:   U.S. District Judge Joan Lenard
      All counsel of record