# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23752-CIV-LENARD/VALLE
(Criminal Case No. 09-20710-Cr-Lenard)

**RODOLFO ORTIZ,**

    Movant,

**v.**

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## ORDER ADOPTING AND SUPPLEMENTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (D.E. 29), DENYING MOTION TO VACATE § 924(c) AND § 924(o) CONVICTIONS AND SENTENCE UNDER 28 U.S.C. § 2255 (D.E. 8), DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Alicia O. Valle issued March 8, 2023. ("Report," D.E. 29.)[1] Movant Rodolfo Ortiz filed Objections on March 22, 2023, ("Objections," D.E. 30), to which the Government filed a Response on March 30, 2023, ("Response," D.E. 31). Upon review of the Report, Objections, Response, and the record, the Court finds as follows.

## I.     Background

The facts giving rise to Movant's criminal case were summarized by the Eleventh Circuit Court of Appeals as follows:

---

[1]     The Court will cite to docket entries in this case as ("D.E. [#]"), and will cite to docket entries in the underlying criminal case as ("Cr-D.E. [#]").

On July 31, 2009, Defendants [Julio] Rolon and Ortiz, both with extensive prior felony convictions, were arrested after they agreed to participate in, and took substantial steps toward completing, a "reverse sting" home invasion robbery.  A confidential informant ("CI") alerted law enforcement that Ortiz was seeking help to rob a marijuana grow house, and Miami–Dade police and federal authorities began investigating Ortiz.   Law enforcement discovered that defendant Ortiz's robbery target was not actually a marijuana grow house, and law enforcement then staged a false raid on the house to deter Ortiz's robbery.

. . .

Thereafter, the CI made a recorded phone call to defendant Ortiz explaining that the CI knew someone who could arrange another home invasion robbery. [D]efendant Ortiz agreed to meet with the CI and the CI's contact, who, unbeknownst to Ortiz, was an undercover Miami–Dade police detective (the "undercover detective").

Defendant Ortiz brought defendant Rolon to the meeting with the CI and the undercover detective.  At that meeting, which was audio and video recorded, the undercover detective told Ortiz and Rolon that he was a cocaine courier. The detective told the pair that (1) he typically transported between 20 and 25 kilograms of cocaine per delivery; (2) he had not been paid for his recent deliveries; and (3) he wanted to rob the house where he brought his deliveries (the "stash house") without arousing suspicion that he had participated in the robbery.

Defendants Ortiz and Rolon asked a number of questions, including whether there was cash in the stash house, whether the house was guarded, who was guarding it, and how many and what type of guns the guards would be carrying.  Defendant Ortiz advised the undercover detective that he would bring in a third man to help with the robbery, that he and his associates were "professionals," and that each of them would be armed and wearing police badges.  Defendant Rolon specifically stated that (1) he would bring either a .9 millimeter Glock or an AR–15 assault rifle and (2) he would not hesitate to "blow up someone's head" if necessary.  Ortiz, Rolon, the CI, and the undercover detective agreed that the undercover detective and the CI would take half of the cocaine at the stash house and that Ortiz, Rolon, and their third accomplice would split the other half among them.

In the following days, defendant Ortiz and the CI made several telephone calls, all recorded, during which they planned the second meeting with the undercover detective and Ortiz discussed his preparation for the robbery.  At

the second meeting, defendant Ortiz assured the undercover detective that Ortiz had previously committed home invasion robberies and that Ortiz and his associates would use two-way radios to communicate.

On July 31, 2009, the day of the planned robbery, the CI placed a recorded phone call to Ortiz and told him to meet the CI at a gas station. The undercover detective observed the gas station from across the street. Defendants Ortiz and Rolon arrived approximately 20 minutes later and provided the CI with a black t-shirt with the letters "DEA" printed on the front, a black ski mask, a pair of black latex gloves, and other police apparel. Ortiz and Rolon then followed the CI to a warehouse, where they believed the CI was picking up a vehicle. When they arrived, law enforcement surrounded the vehicles and apprehended Ortiz and Rolon.

Among the items police recovered from Rolon's car were two black hats with the word "Narcotics" written on them, a black hat with the word "Police" written on it, two black t-shirts with the letters "DEA" on one side and the word "Police" on the other side, two black ski masks, a box of latex gloves, 18 wire tie straps, three law enforcement badges, a 9 millimeter Ruger handgun and magazine loaded with 15 rounds of ammunition, and a 9 millimeter Smith & Wesson handgun and magazine loaded with 12 rounds of ammunition.

Police recovered similar items—including a Ruger .357 Magnum revolver—from the car of codefendant Federico Dimolino, the third accomplice.

Defendant Ortiz admitted that he had intended to rob 25 kilograms of cocaine and that he planned the robbery. Ortiz also claimed responsibility for the two loaded handguns found in Rolon's car.

United States v. Rolon, 445 F. App'x 314, 316-17 (11th Cir. 2011).

On August 14, 2009, a Grand Jury sitting in the Southern District of Florida returned

an Indictment charging Movant with:

- Count 1: Conspiracy to possess with intent to distribute 5 kilograms or more of

  cocaine, in violation of 21 U.S.C. § 846;

- Count 2: Attempted possession with intent to distribute 5 kilograms or more of

  cocaine, in violation of 21 U.S.C. §§ 846 and 2;

3

- <u>Count 3</u>: Conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a);

- <u>Count 4</u>: Attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a);

- <u>Count 5</u>: Conspiracy to use, carry, or possess a firearm during and in furtherance of a crime of violence and a drug trafficking crime—and specifically, the crimes "set forth in Counts 1, 2, 3, and 4 of th[e] Indictment"—in violation of 18 U.S.C. § 924(o);

- <u>Count 6</u>: Using, carrying, or possessing a firearm during and in furtherance of a crime of violence and drug trafficking crime—and specifically, the crimes "set forth in Counts 1, 2, 3, and 4 of th[e] Indictment"—in violation of 18 U.S.C. § 924(c)(1)(A); and

- <u>Count 8</u>: Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

(Indictment, Cr-D.E. 15.)  The case proceeded to trial where a jury found Movant guilty of Counts 1, 2, 3, 4, 5, 6, and 8.  ("Jury Verdict," Cr-D.E. 217.)   As to Count 5, the jury specifically found that Movant knowingly conspired to (1) possess and (2) use or carry "a firearm in relation to the crimes charged in Counts 1 through 4."  (<u>Id.</u> at 2.)  As to Count 6, the jury specifically found that Movant (1) possessed and (2) used or carried "a firearm in relation to the crimes charged in Counts 1 through 4."  (<u>Id.</u> at 3.)

On January 21, 2011, Judge Alan Gold sentenced Movant to concurrent terms of life imprisonment as to Counts 1, 2, 5, and 8; concurrent terms of 240 months' imprisonment as to Counts 3 and 4; and a consecutive term of life imprisonment as to

4

Count 6, to be followed by five years' supervised release as to Counts 1, 2, 5, 6, and 8, and three years' supervised release as to Counts 3 and 4, all to run concurrently.  (See Cr-D.E. 248.)  The Court entered written Judgment on January 24, 2011.  (Cr-D.E. 253.)

Movant appealed, and the Eleventh Circuit affirmed his convictions and most of his sentence; however, it vacated the life sentence imposed as to Count 5 because it exceeded the statutory maximum and remanded for resentencing on Count 5.  United States v. Rolon, 445 F. App'x 314, 318 n.4, 332 (11th Cir. 2011).

On June 12, 2012, Judge Gold resentenced Movant to 240 months' imprisonment as to Count 5.  (Cr-D.E. 332.)  The Court entered a written Amended Judgment the same day.  (Cr-D.E. 334.)  Movant appealed, and the Eleventh Circuit affirmed.  United States v. Rolon, 511 F. App'x 883 (11th Cir. 2013).

On March 21, 2013, Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Cr-D.E. 356), which was assigned Civil Case No. 13-21028-Civ-Gold ("Ortiz I").  On October 1, 2014, the case was reassigned to Judge Ursula Ungaro. Ortiz I, D.E. 30.  On August 5, 2015, Judge Ungaro issued an Order denying the 2255 Motion and closing the case.  Id., D.E. 43.  Movant filed a Motion for Reconsideration, id., D.E. 46, which Judge Ungaro denied, id. D.E. 47).  Movant appealed, id., D.E. 48, but the Eleventh Circuit denied Movant a Certificate of Appealability and dismissed the appeal, id., D.E. 59.

On July 13, 2016, Movant filed a second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Cr-D.E. 375), which was assigned Civil Case No. 16-23035-Civ-Lenard ("Ortiz II").  On October 5, 2018, the Court entered an Order dismissing

the second 2255 Motion as an unauthorized second or successive 2255 Motion, denying a certificate of appealability, and closing the case.  <u>Ortiz II</u>, D.E. 17.  Movant filed a Motion for Rehearing/Reconsideration, <u>id.</u> D.E. 19, which the Court denied, <u>id.</u>, D.E. 20.

On September 6, 2019, the Eleventh Circuit Court of Appeals granted Movant leave to file a successive 2255 Motion to raise a claim under <u>United States v. Davis</u>, __ U.S. __, 139 S. Ct. 2319 (2019), which held that the "residual clause" definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  (Cr-D.E. 383; D.E. 1.) The Court subsequently appointed counsel to represent Movant in these proceedings, (D.E. 4), and on October 28, 2019, Movant filed the instant Amended 2255 Motion, (D.E. 8). Therein, Movant argues that in light of <u>Davis</u>, he is actually innocent of the firearm offenses charged in Counts 5 and 6.  (<u>Id.</u> at 1-2.)  Specifically, he argues that one of the offenses predicating his firearm convictions in Counts 5 and 6—conspiracy to commit Hobbs Act robbery (as charged in Count 3)—does not qualify as a crime of violence under § 924(c)(3)(A)'s "elements" clause, and therefore the Court should vacate his convictions for Counts 5 and 6.  (<u>Id.</u> at 1-2.)  The Government filed a Response, (D.E. 11), to which Movant filed a Reply, (D.E. 12).  The Court referred the Motion (as amended) to Judge Valle for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters.  (D.E. 14.)  Thereafter, Movant filed a Supplemental Brief, (D.E. 16), to which the Government filed a Response, (D.E. 18).  In his Supplemental Brief, Movant argued, <u>inter alia</u>, that "a defendant's challenge to a § 924(c) conviction on grounds that the purported 'crime of violence' is not – as a matter of

law – a 'crime of violence,' is a jurisdictional claim that cannot be waived." (D.E. 16 at 10 (citing United States v. St. Hubert, 909 F.3d 335, 340-44 (11th Cir. 2018)).)

On August 24, 2021, Judge Valle issued an Order staying this case pending the Supreme Court's decision in United States v. Taylor, 141 S. Ct. 2882 (2021) (granting certiorari). (D.E. 21.) On June 21, 2022, the Supreme Court issued an opinion in Taylor, __ U.S. __, 142 S. Ct. 2015 (2022), holding that attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause. Judge Valle solicited a Joint Status Report on Taylor's effect on these proceedings, (D.E. 24), and the Parties filed a Joint Status Report on September 19, 2022, (D.E. 27).

On March 8, 2023, Judge Valle issued her Report and Recommendation. (D.E. 29.) Initially, Judge Valle found that the claimed error is not jurisdictional. (Id. at 10-11 (citing Worldly v. United States, 2023 WL 1775723, at *4 (11th Cir. 2023)).) Next, Judge Valle found that the Davis claim was procedurally defaulted because Movant did not challenge the use of the Hobbs Act offenses as predicate crimes of violence for his §§ 924(c) and (o) convictions on direct appeal, and Movant failed to establish cause for this failure or actual prejudice resulting from it, (id. at 11-15 (citing Granda v. United States, 990 F.3d 1272 (11th Cir. 2021))), and further failed to establish that he was actually innocent of Counts 5 and 6, (id. at 15-16). Finally, Judge Valle found that even if Movant could overcome the procedural default, any error was harmless. (Id. at 16-17 (citing Granda, 990 F.3d at 1294).)

On March 22, 2023, Movant filed Objections, (D.E. 30), to which the Government filed a Response, (D.E. 31).

## II.     Legal Standard

### a.     Report and recommendations

Upon receipt of the Magistrate Judge's Report and Movant's Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).  The court must conduct a de novo review of any part of the Report that has been "properly objected to."  Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a de novo determination of those portions of the [R & R] to which objection is made").  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Those portions of a magistrate judge's report and recommendation to which no objection has been made are reviewed for clear error.  See Lombardo v. United States, 222 F. Supp. 2d 1367, 1369 (S.D. Fla. 2002); see also Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that [i]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation marks and citations omitted).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

**b.     28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.   See United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990). However, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain" either:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).   "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."   28 U.S.C. § 2244(b)(3)(C).

The Court of Appeals' determination is limited.   See Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that the court of appeals' determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).   If the Court of Appeals authorizes the applicant to file a second or successive 2255 Motion, "'[t]he district court is to decide the [§ 2255(h)] issue[s] fresh, or in the legal vernacular, de novo.'"   In re Moss, 703 F.3d 1301,

1303 (11th Cir. 2013) (quoting <u>Jordan</u>, 485 F.3d at 1358).  Only if the district court concludes that the applicant has established the statutory requirements for filing a second or successive motion will it "proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise."  <u>Id.</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment under 28 U.S.C. § 2255 are extremely limited.  <u>See Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004).  Pursuant to Section 2255, a prisoner in federal custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  <u>See United States v. Jordan</u>, 915 F.2d 622, 625 (11th Cir. 1990).  Thus, relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  <u>Lynn</u>, 365 F.3d at 1232 (quotation marks and citations omitted).  If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

Under the procedural default rule, a defendant is generally barred from raising claims in a 2255 proceeding that could have been raised on direct appeal, but were not. <u>Lynn</u>, 365 F.3d at 1234 ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else

the defendant is barred from presenting that claim in a § 2255 proceeding.") (citations omitted).  "This rule generally applies to all claims, including constitutional claims."  Id. (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  To overcome a procedural default arising from a claim that could have been, but was not raised on direct appeal, the movant must demonstrate either: (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error; or (2) actual innocence.  Id.  See also McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).  The actual innocence exception "is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence."  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citation omitted).

Finally, the burden of proof is on Movant to establish that vacatur of the conviction or sentence is required.  Beeman v. United States, 871 F.3d 1215, 1222 (11th Cir. 2017), reh'g and reh'g en banc denied, 899 F.3d 1218 (11th Cir. 2018), cert. denied, 139 S. Ct. 1168 (2019); Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015); LeCroy v. United States, 739 F.3d 1297, 1321 (11th Cir. 2014).  "In a section 2255 motion, a petitioner has the burden of sustaining his contentions by a preponderance of the evidence."  Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980) (citations omitted).[2]

---

[2]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

### III.     Discussion

**a.     28 U.S.C. § 2255(h): New rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable**

As a threshold matter, the Court must determine <u>de novo</u> whether Movant has carried his burden under 28 U.S.C. § 2255(h) of showing that he is entitled to file a second or successive 2255 Motion—an issue Judge Valle did not specifically address.  <u>See</u> <u>In re Moss</u>, 703 F.3d at 1303 (quoting <u>Jordan</u>, 485 F.3d at 1358).  As relevant here, the Court must determine whether Movant's Motion contains a claim involving "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).

In his Motion, Movant asserts that the Supreme Court's decision in <u>Davis</u> invalidates his convictions under 18 U.S.C. §§ 924(c) and (o).  (<u>See</u> Mot. at 5-16.)  Pursuant to 18 U.S.C. § 924(c), any person who possesses a firearm in furtherance of "any crime of violence or drug trafficking crime . . . shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]"  18 U.S.C. § 924(c)(1)(A)(i).[3]  As used in Section 924(c), "crime of violence" means:

> an offense that is a felony and—

---

[3]     Section 924(o) criminalizes conspiring to commit an offense under Section 924(c). 18 U.S.C. § 924(o) ("A person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both; and if the firearm is a machinegun or destructive device, or is equipped with a firearm silencer or muffler, shall be imprisoned for any term of years or life.").

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[4]  Subsection (A) is commonly referred to as the "elements" clause (or, sometimes, the "force" or "use-of-force" clause), while subsection (B) is commonly referred to as the "residual" clause.  See Solomon v. United States, 911 F.3d 1356, 1358 (11th Cir. 2019).

In Davis, the Supreme Court held that Section 924(c)(3)(B)'s residual clause is unconstitutionally vague.  139 S. Ct. at 2336 (2019).  In In re Hammoud, the Eleventh Circuit held that Davis announced a new substantive rule of constitutional law retroactively applicable to cases on collateral review.  931 F.3d 1032, 1038 (11th Cir. 2019).  Accordingly, the Court finds that Movant is entitled to file a second or successive 2255 Motion challenging his Section 924(c) and (o) convictions under Davis.

**b.    Procedural default**

Movant objects to Judge Valle's conclusion that his Davis claim is non-jurisdictional and therefore subject to procedural default.  He further argues that the Court should grant a Certificate of Appealability as to whether he can establish "cause and prejudice" or "actual innocence" to excuse any default.

---

[4]    As used in Section 924(c), "drug trafficking crime" means "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  18 U.S.C. § 924(c)(2).

### 1.      Movant's <u>Davis</u> claim is not jurisdictional

Movant initially objects to Judge Valle's conclusion that his <u>Davis</u> claim is non-jurisdictional.  (Obj. at 2-5 (citing <u>United States v. Bane</u>, 948 F.3d 1290, 1294 (11th Cir. 2020); <u>St. Hubert</u>, 909 F.3d at 340-44; <u>United States v. Peter</u>, 310 F.3d 709, 711-16 (11th Cir. 2002); <u>Abraham v. United States</u>, Case No. 20-24980-Civ-Huck, D.E. 17 at 2 (S.D. Fla. June 10, 2021); <u>Wainwright v. United States</u>, Case No. 19-62634-Civ-Cohn, D.E. 22 at 28-29 (S.D. Fla. Apr. 6, 2020); <u>Adside v. United States</u>, 19-24475-Civ-Huck, D.E. 19 at 8 (S.D. Fla. Sept. 25, 2020); <u>Wright v. United States</u>, Case No. 19-24060-Civ-Huck, D.E.11 (S.D. Fla. Oct. 7, 2020)).)  He further objects to Judge Valle's reliance on <u>Worldly</u>, because the opinion is unpublished and no other Court has cited it.  (<u>Id.</u> at 5.)

Upon <u>de novo</u> review, the Court agrees with Judge Valle that Movant's <u>Davis</u> challenge is not jurisdictional and is therefore subject to procedural default.  "It is true that a movant on collateral review can avoid the procedural default bar altogether 'if the alleged error is jurisdictional.'"  <u>Williams v. United States</u>, 2022 WL 1214141, at *3 (11th Cir. 2022) (quoting <u>Bane</u>, 948 F.3d at 1294).  "Although a district court has the statutory power under 18 U.S.C. § 3231 to adjudicate the prosecution of federal offenses, [the Eleventh Circuit has] held 'that a district court lacks jurisdiction when an indictment alleges only a non-offense.'"  <u>Id.</u> (quoting <u>Peter</u>, 310 F.3d 709, 715-16 (11th Cir. 2002)).  "'So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction.'"  <u>Id.</u> (quoting <u>United States v. Brown</u>, 752 F.3d 1344, 1354 (11th Cir. 2014)).

14

Movant was charged in Count 5 with conspiracy to possess and use or carry a firearm during and in furtherance of a crime of violence and a drug trafficking crime—and specifically, the crimes set forth in Counts 1 through 4 of the Indictment—in violation of 18 U.S.C. § 924(o).  (Indictment at 4.)  He was charged in Count 6 with possessing and using or carrying carry a firearm during and in furtherance of a crime of violence and a drug trafficking crime—and specifically, the crimes set forth in Counts 1 through 4 of the Indictment—in violation of 18 U.S.C. § 924(c)(1)(A).  (Id. at 3.)  As will be recalled, Count 1 charged Movant with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846; Count 2 charged Movant with attempt to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 2; Count 3 charged Movant with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); and Count 4 charged Movant with attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2.  (Id. at 1-4.)

Conspiracy to possess with intent to distribute cocaine (Count 1) and attempt to possess with intent to distribute cocaine (Count 2) qualify as valid drug-trafficking predicate offenses for purposes of Section 924(c) and (o).  In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019); see also United States v. Isnadin, 742 F.3d 1278, 1307-08 (11th Cir. 2014) (affirming conviction for possession of a firearm during a drug trafficking crime under 18 U.S.C. § 924(c) and conspiracy to use and carry a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(o) based upon predicate offense of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846).  Conspiracy to commit Hobbs Act robbery (Count 3) and attempted Hobbs Act robbery

15

(Count 4) do not qualify as a crimes of violence under 924(c)(3)(A)'s elements clause (and are not drug-trafficking crimes). <u>Taylor</u>, 142 S. Ct. at 2020-21; <u>Brown</u>, 942 F.3d at 1075-76.

On virtually indistinguishable facts, the Eleventh Circuit has repeatedly held that a movant cannot demonstrate that his indictment alleged only a "non-offense" where, as here, the 924(o) and/or (c) counts allege <u>both</u> invalid Hobbs Act predicates <u>and</u> valid drug trafficking predicates. <u>Veliz v. United States</u>, 2023 WL 2506680, at *2 (11th Cir. 2023); <u>Worldly</u>, 2023 WL 1775723, at *3-4; <u>Rosello v. United States</u>, 2022 WL 12144331, at *3 (11th Cir. 2022); <u>Williams</u>, 2022 WL 1214141, at *3; <u>United States v. Torres</u>, 2022 WL 894545, at *3 (11th Cir. 2022); <u>Aviles v. United States</u>, 2022 WL 1439333, at *4 (11th Cir. 2022); <u>Wright v. United States</u>, 2022 WL 130832, at *5 (11th Cir. 2022).[5]  In each of these cases, the Eleventh Circuit concluded that the Movant's <u>Davis</u> challenge was not jurisdictional and was therefore subject to procedural default.  <u>Veliz</u>, 2023 WL 2506680, at *4; <u>Worldly</u>, 2023 WL 1775723, at *3-4; <u>Rosello</u>, 2022 WL 12144331, at *3; <u>Williams</u>, 2022 WL 1214141, at *3; <u>Torres</u>, 2022 WL 894545, at *3; <u>Aviles</u>, 2022 WL 1439333, at *4; <u>Wright</u>, 2022 WL 130832, at *5.  Although these unpublished opinions are non-binding, <u>see</u> <u>United States v. Izurieta</u>, 710 F.3d 1176, 1179 (11th Cir. 2013) (citing 11th Cir. R. 31-1, IOP 6), the Court is persuaded by their reasoning and adopts it.  Consequently,

---

[5]   Although Movant cites <u>Wright v. United States</u>, Case No. 19-24060-Civ-Huck, D.E.11 (S.D. Fla. Oct. 7, 2020), as authority supporting his argument that the claimed error <u>is</u> jurisdictional, the Eleventh Circuit reversed Judge Huck's conclusion that the claimed error is jurisdictional, and remanded with instructions to deny Wright's 2255 motion.  <u>Wright v. United States</u>, 2022 WL 130832, at *3-4.

the Court finds that Movant's <u>Davis</u> challenge is not jurisdictional and is therefore subject to procedural default.

### 2.     Movant cannot establish an excuse for the procedural default

Next, Movant argues that the Court should grant a Certificate of Appealability on whether he can establish "cause and prejudice" or "actual innocence" to excuse the default. (Obj. at 5-12.)

To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under [<u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were ''adequate to deserve encouragement to proceed further.''"  <u>Slack v. McDaniel</u>, 429 U.S. 473, 483-84 (2000).

### A.     Cause and actual prejudice

Movant argues that reasonable jurists could debate whether "cause" exists to excuse the procedural default because there is a circuit split on the issue.  (Obj. at 6-8.)  He further argues that reasonable jurists could debate whether he suffered actual prejudice from a <u>Davis</u> error.  (<u>Id.</u> at 8-9.)

### i.     Cause

First, Movant argues that reasonable jurists could debate whether "cause" exists to excuse the procedural default because there is a circuit split on the issue.  (Obj. at 6.)  He concedes that this Court is bound by the Eleventh Circuit's opinion in <u>Granda</u>, 990 F.3d at 1286-88, which held that a movant could <u>not</u> establish "cause" to excuse the procedural

default of his <u>Davis</u> claim because a vagueness challenge to Section 924(c)(3)(B)'s residual clause was not so novel that its legal basis was not reasonably available during his direct appeal.  (<u>Id.</u>)  However, he argues that other circuits hold that under <u>Reed v. Ross</u>, 468 U.S. 1, 15 (1984), a movant can establish cause to excuse the default where "near-unanimous circuit precedent foreclosed a claim, when the Supreme Court overrules its own precedent, or both."  (<u>Id.</u> at 7 (citations omitted).  He argues that this rule would apply here.  (<u>Id.</u> at 7-8.)

However, on virtually indistinguishable facts, the Eleventh Circuit explicitly rejected Movant's argument that any alleged circuit split warrants the issuance of a COA. <u>Aviles</u>, 2022 WL 1439333, at *4.  In <u>Aviles</u>, the Eleventh Circuit explained that "a COA shall not issue if the claim is foreclosed by binding precedent."  2022 WL 1439333, at *4 (citing <u>Hamilton v. Sec'y, Fla. Dep't of Corrs.</u>, 793 F.3d 1261, 1266 (11th Cir. 2015)). Here, Movant's claim is foreclosed by <u>Granda</u>, 990 F.3d at 1286-88, which is binding upon this Court.  Accordingly, he is not entitled to a COA on whether "cause" exists to excuse the procedural default.  <u>Aviles</u>, 2022 WL 1439333, at *4.  <u>See also</u> <u>Torres</u>, 2022 WL 894545, at *4 ("<u>Granda</u> . . . forecloses Torres's argument that he can establish cause and prejudice to overcome his procedural default.").

Because Movant cannot establish cause to excuse the default, the Court need not address whether a COA is warranted on the issue of actual prejudice.  <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 134 n.43 (1982) ("Since we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.").

However, even if Movant could establish cause to excuse the default, the Court would find that Movant is not entitled to a COA on the issue of "actual prejudice."

### ii.      Actual prejudice

Even if Movant could establish cause to excuse the default, the Court would find that <u>Granda</u> forecloses his claim of "actual prejudice."  990 F.3d at 1288-91 (holding that the movant could not establish actual prejudice from the claimed error because the invalid predicate offense (conspiracy to commit Hobbs Act robbery) was "inextricably intertwined" with valid predicate offenses (including conspiracy and attempt to possess cocaine with intent to distribute, and attempted carjacking), such that the movant could not show "a substantial likelihood that the jury relied solely on [the Hobbs Act conspiracy offense] to predicate its conviction" on the 924(o) offense).   Movant's attempt to distinguish <u>Granda</u> on the basis that Movant's sentence as to Count 6 runs consecutively to his other sentences, whereas Granda's § 924(o) sentence ran concurrently with his other sentences, is meritless.  (<u>See</u> Obj. at 8-10.)  That Movant's sentence for Count 6 runs consecutively to his other sentences is irrelevant to whether the Hobbs Act offenses were inextricably intertwined with the valid drug-trafficking offenses.  <u>See</u> <u>Granda</u>, 990 F.3d at 1288-91.

The Court further notes that Movant's claim of actual prejudice is particularly meritless because the jury <u>explicitly</u> predicated the 924(c) and (o) offenses on "the crimes charged in <u>Counts 1 through 4</u>[,]" (Jury Verdict at 2-3 (emphasis added)), which includes the valid drug-trafficking offenses (in addition to the invalid Hobbs Act offenses).

Regardless, because <u>Granda</u> forecloses Movant's actual innocence claim, he is not entitled to a COA on the issue. <u>See</u> <u>Torres</u>, 2022 WL 894545, at *4 ("<u>Granda</u> . . . forecloses Torres's argument that he can establish cause and prejudice to overcome his procedural default.").

## B.    Actual innocence

Movant concedes that <u>Granda</u> forecloses his claim of actual innocence, (Obj. at 10), but argues that the Court should issue a COA because "[r]easonable jurists can debate, and indeed have debated, whether a claim of action [sic] innocence based on a new statutory interpretation like that in <u>Davis</u> and <u>Taylor</u> – what <u>Granda</u> defines as 'legal innocence,' . . . – can excuse a procedural default[,]" (<u>id.</u>)

However, as explained in Section III(b)(2)(A), <u>supra</u>, "a COA shall not issue if the claim is foreclosed by binding precedent."   <u>Aviles</u>, 2022 WL 1439333, at *4 (citing <u>Hamilton</u>, 793 F.3d at 1266).  Here, Movant's claim is (concededly) foreclosed by <u>Granda</u>, 990 F.3d at 1291-92, which is binding upon this Court.  Accordingly, he is not entitled to a COA on his claim of actual innocence.  <u>See</u> <u>Torres</u>, 2022 WL 894545, at *4 (noting that the movant conceded that <u>Granda</u> foreclosed his actual innocence claim).

## c.    Merits

Finally, Movant argues that the Court should issue a COA as to whether he is entitled to relief on the merits because, in his view, "<u>Granda</u> employed an incorrect legal standard."  (Obj. at 12.)

However, as explained in Section III(b)(2)(A), <u>supra</u>, "a COA shall not issue if the claim is foreclosed by binding precedent."   <u>Aviles</u>, 2022 WL 1439333, at *4 (citing

Hamilton, 793 F.3d at 1266).  Here, Movant's <u>Davis</u> claim is foreclosed by <u>Granda</u>, 990 F.3d at 1292-96, which is binding upon this Court.  Accordingly, Movant is not entitled to a COA on the merits of his claim.

**IV.    Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    The Report and Recommendation of the Magistrate Judge issued March 8, 2023, (D.E. 29), is **ADOPTED** as supplemented herein;

2.    Movant Rodolfo Ortiz's Motion to Vacate § 924(c) and § 924(o) Convictions and Sentences under 28 U.S.C. § 2255 (D.E. 8) is **DENIED**;

3.    A Certificate of Appealability **SHALL NOT ISSUE**; and

4.    All pending motions are **DENIED AS MOOT**; and

5.    This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of April, 2023.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**